RECEIVED
OCT 29 2008
ROBERT H. ~~~~~~~, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Eldina L. Jack

Civil Action 6:08-1270

versus

Judge Tucker L. Melançon

State Farm Life Insurance Co., et al

Magistrate Judge Methvin

## MEMORANDUM RULING

Before the Court is plaintiff Eldina Jack's Motion for Remand [Rec. Doc. 4]. Defendants State Farm Life Insurance Company and Quest Diagnostics Clinical Laboratories, Inc. ("defendants")removed this action from the Thirteenth Judicial District for the Parish of Evangeline, State of Louisiana on August 27, 2008 under 28 U.S.C. § 1332 (a). *R. 1.* Plaintiff attached in her motion to remand an Affidavit signed by her attorney Jonathan C. Vidrine stating that "this claim does not exceed the sum of $75,000.00." Defendants filed oppositions to the motion to remand arguing that it is improper for the Court to consider an affidavit stipulating jurisdictional amount by plaintiff's counsel rather than by plaintiff herself. *R. 8;9.* By correspondence dated October 24, 2008, counsel for State Farm Life Insurance Company informed the Court of a sworn Affidavit/Stipulation/Agreement executed by plaintiff, a copy of which was attached to the correspondence, affirming that "she will not pursue a sum total (including all claims) that exceeds $75,000.00 (including any damages, attorney's fees, penalties, interest, or otherwise." *Affidavit/Stipulation/ Agreement of Eldina Jack,* ¶ 2. A copy of the correspondence and plaintiff's sworn Affidavit/ Stipulation/ Agreement is appended hereto.

The party invoking federal subject matter jurisdiction bears the burden of establishing

that jurisdiction. *St. Paul Reinsurance Company, Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998). When federal jurisdiction is premised upon diversity, the burden involves establishing that the jurisdictional amount requirement of a sum in excess of $75,000.00, exclusive of interest and costs, is satisfied. *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). "A case may be removed unless it appear[s] to a legal certainty that the claim is ... for less than the jurisdictional amount." *Marcel v. Pool Co.*, 5 F.3d 81 (5th Cir.1993)(quoting *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.* 988 F.2d 559, 565-566 (5th Cir.1993), *abrogated on other grounds by Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir.1998)).

To support federal jurisdiction over this case, defendants have not offered any facts to support its valuation of plaintiff's claims. Plaintiff has filed a sworn Affidavit/Stipulation/Agreement affirming that "she will not pursue a sum total (including all claims) that exceeds $75,000.00 (including any damages, attorney's fees, penalties, interest, or otherwise." *Affidavit/Stipulation/Agreement of Eldina Jack,* ¶ 2.

The Fifth Circuit has "established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1). Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. The defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)

(quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.); *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir.1999). " The jurisdictional facts that support removal must be judged at the time of the removal. While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia* at 883 (internal citations omitted).

In determining the amount in controversy, the complaint is first examined to determine whether it is "facially apparent" that the claim exceeds the jurisdictional amount. *Greenberg*, 134 F.3d 1253. If the amount is not apparent, the court may rely on "summary judgment-type" evidence in determining the amount in controversy. *Id.* The removing party does not satisfy the burden of establishing jurisdiction when: "(1) the complaint did not specify an amount of damages, and it was not otherwise facially apparent that the damages sought or incurred were likely above [the jurisdictional amount]; (2) the defendants offered only a conclusory statement in their notice of removal that was not based on direct knowledge about the claims; and (3) the plaintiffs timely contested removal with a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present." *ANPAC*, 988 F.2d at 566. Plaintiff filed this action alleging a claim for damages in tort against defendants for negligently informing plaintiff that she tested positive for HIV when in fact her HIV test was negative. Defendants contend that because "this is an unusual claim and there are serious damages that are claimed . . . . This type of case supports the removal of this case to Federal Court." *R. 8; 9.* Plaintiff has now contested removal with her own sworn, unrebutted affidavit indicating that the requisite amount in controversy is not present.

In light of the record before the Court, defendants have failed to carry their burden

of showing by a preponderance of the evidence that plaintiff's claims against them necessarily involve an amount in controversy greater than $75,000.00. Accordingly, plaintiff's motion to remand will be granted on the grounds that the Court is without jurisdiction over the subject matter of this action.